UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LYNN SAMUEL SUMNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-CV-120 |
| ) | Judge Phillips |
| MATTHEW R. SMITH and ) | |
| WILSON & ASSOCIATES, PLLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Lynn Sumner has brought this action against defendants Matthew Smith and Wilson & Associates for violation of the Fair Debt Collection Practices Act (FDCPA). Before the court are the defendants' motions to dismiss plaintiff's complaint. For the reasons which follow, defendants' motions are granted and this action is dismissed.

## Background

Sumner filed his original complaint on March 8, 2011. Defendants filed a joint motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure. In response to defendants' motion to dismiss, Sumner filed his First Amended Complaint on March 21, 2011. Defendants then filed separate motions to dismiss the Amended Complaint, which are presently before the court.

The complaint alleges that Sumner was represented by counsel in litigation between the parties in Roane County, Tennessee, which concerned a foreclosure on his home. The record shows that plaintiff's property was sold to Wells Fargo Bank, N.A. on June 11, 2008. On March 8, 2010, Sumner alleges that defendants communicated directly with him via letter, which is a violation of § 1692b of the FDCPA. The letter at issue reads in pertinent part as follows:

> The purpose and intent of this agreement is to restore all parties to the positions they held prior to the sale of the property to Wells Fargo Bank, N.A. on June 11, 2008. It is the intent of the parties to rescind the sale held on June 11, 2008 . . . .
>
> By signing this agreement all parties agree that the above referenced sale is rescinded and the Trustee's Deed is set aside . . . .
>
> THIS LAW FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED CAN BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.

The letter was sent on defendant Wilson & Associates' letterhead, and was signed by defendant Matthew Smith, Attorney at Law. The Mutual Agreement to Rescind that was attached to the letter provides in pertinent part:

> The purpose and intent of this agreement is to restore all parties to the positions they held prior to the sale of the property to Wells Fargo Bank, N.A. on June 11, 2008. It is the intent of the parties to rescind the sale held on June 11, 2008 and set aside the Trustee's Deed in favor of Wells Fargo Bank N.A. . . .
>
> The sale and Trustee's Deed were in reference to: deed of trust dated November 22, 2006, securing the sum of $89,250.00, executed by Lynn Samuel Sumner, in favor of Arnold M. Weiss, Esq. Shelby County, as trustee for Wells Fargo Bank N.A. . . .

2

> By signing this agreement all parties agree that the above referenced sale is rescinded and the Trustee's Deed is set aside. The above described deed of trust is revived and remains unreleased and unsatisfied. All parties agree that by signing this agreement they are hereby returned to the positions they held prior to the sale.

Defendants argue that the purpose of the communication between defendants and Sumner was not to collect a debt, but rather to rescind the foreclosure sale of plaintiff's home that had occurred in 2008. Therefore, defendants assert that plaintiff's complaint against them should be dismissed for failure to state a claim upon which relief can be granted. Sumner, on the other hand, contends that defendants attempted to bypass his attorney and to communicate directly with him in an attempt to have him settle a dispute regarding the foreclosure sale and the validity and amount of the underlying indebtedness owed to Wells Fargo N.A. Sumner argues that such an attempt by defendants to have him acknowledge his obligation to pay money to Wells Fargo was clearly an action "in connection with the collection of any debt," and defendants' motion to dismiss should be denied.

## Motion to Dismiss

When evaluating a complaint in light of a Rule 12(b)(6), Federal Rules of Civil Procedure, motion to dismiss, the court must accept all of the plaintiff's allegations as true and resolve every doubt in the plaintiff's favor. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489 (6th Cir. 1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural, and tests the sufficiency of the complaint. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). To survive a Rule 12(b)(6) motion to dismiss, a claim's

"factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The issue is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claim. *Miller*, 50 F.3d at 377. The court must construe the claim in a light most favorable to the plaintiff, accept the factual allegations as true, and determine whether plaintiff's factual allegations present plausible claims. *Twombly*, 550 U.S. at 570; *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007). A court should assume the veracity of well pleaded factual allegations and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

The FDCPA was passed in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e). To succeed on a claim under the FDCPA, a plaintiff must show that the money or property being collected qualifies as a "debt." 15 U.S.C. § 1692a(5). Second, the collecting entity must qualify as a "debt collector." 15 U.S.C. § 1692a(6). Third, a plaintiff must show that the debt collector violated a provision of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*

As a threshold matter, the court must determine whether defendants are "debt collectors" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6). As a matter of law, liability under the FDCPA can only attach to those who meet the statutory definition of a "debt collector." Courts have held that those who enforce security interests do not qualify as "debt collectors" under the FDCPA, except for the purpose of § 1692f(6). Although Congress included within the definition of "debt collectors" those who enforce security interests, it limited this definition only to the provisions of § 1692f(6). As the Sixth Circuit has explained, "such a purposeful inclusion for one section of the FDCPA implies that the term 'debt collector' does not include an enforcer of a security interest for any other section of the FDCPA." *Montgomery v. Huntington Bank*, 346 F.3d at 693, 700 (6th Cir. 2003).

Sumner does not allege that defendants violated § 1692f(6), which is the provision that relates to the enforcement of security interests. The majority of courts hold that law firms that initiate non-judicial foreclosure proceedings are not collecting a debt, but rather, enforcing a security interest. In *Stamper v. Wilson & Assocs, PLLC,* 2010 WL 1408585 (E.D.Tenn. Mar. 31, 2010), a plaintiff sued defendant for violating the FDCPA in the process of foreclosing on his property. The undersigned found that defendant's actions in initiating a non-judicial foreclosure were not debt collection activities under the FDCPA. "In other words, . . . law firms that initiate non-judicial foreclosure proceedings are not collecting a debt, but rather, enforcing a security interest." *Id.* at *5. By the same reasoning, if defendants' involvement in the non-judicial foreclosure sale of Sumner's property does not constitute a debt collection activity, then the act of rescinding a non-judicial foreclosure sale cannot be a debt collection activity prohibited by the FDCPA. *See*

5

also, *Fouche v. Shapiro & Massey L.L.P.,* 575 F.Supp.2d 776 (S.D.Miss. 2008) (law firm which initiated a nonjudicial foreclosure proceeding was not collecting a "debt" within the meaning of § 1692(a)(5), and therefore was not subject to the general provisions of the FDCPA).

Sumner argues that defendants are "debt collectors" because they identified themselves as such on the letter sent to him. Defendants respond that this is merely form language that is located on the bottom of every such letter sent by the firm since a part of its practice is foreclosure sales. This issue was specifically addressed by the undersigned in *Stamper:*

> . . . The fact that FDCPA disclaimers were sent in connection with a non-judicial foreclosure proceedings does not automatically transform the defendants into "debt collectors." Wilson & Associates made it very clear that they were hired for the limited purpose of initiating the non-judicial foreclosure proceedings. In addition, Wilson & Associates did not seek recovery against plaintiffs personally.
>
> Furthermore, it is perfectly reasonable for Wilson & Associates to err on the side of caution by including FDCPA disclaimers. While Wilson & Associates do not qualify as "debt collectors" within the general provisions of the FDCPA (because they were enforcing a security interest, not collecting a debt), they may still be sued under the provision relating to the enforcement of security interests. 15 U.S.C. § 1692f(6). Thus, if they did not include FDCPA disclaimers, they would be opening themselves up to potential liability under 15 U.S.C. § 1692f(6).

*Stamper* at *9.

In response to the motions to dismiss, Sumner states that he is not asserting the defendants' actions in seeking to foreclose on his property violated the FDCPA.

Rather, his complaint is that, after defendants asserted that they had completed the foreclosure, with the effect of extinguishing plaintiff's personal liability to Wells Fargo Bank, N.A., defendants sought to have the foreclosure sale rescinded. In his Amended Complaint, Sumner sues defendants for violation of the FDCPA under §§ 1692(b), 1692c(a)(2), and 1692e(10). Section 1692(b) provides:

> Acquisition of location information.
>
> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –
>
> (6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

In the instant case, Sumner does not allege that defendants communicated with third parties about him, but that defendants communicated with him directly. Next, § 1692(b) states that the communication must be for the "purpose of acquiring location information about the consumer." The FDCPA defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692(a). Defendant's letter to Sumner was sent to plaintiff directly for the purpose of rescinding the prior sale of his home and not for the purpose of acquiring location information. Thus, Sumner has failed to state a claim against defendants under § 1692(b).

Plaintiff also alleges that defendants' communication violated § 1692c(a)(2) which provides:

> Communication in connection with debt collection.
>
> (a) Communication with the consumer generally. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –
>
> . . .
>
> (2) if the debt collector knows the consumer is represented by an attorney to such debt and has knowledge or, can readily ascertain, such attorney's name and address . . .

Here, however, rather than seeking to collect money from Sumner, the purpose of the letter and agreement were to undo the foreclosure sale and reinstate ownership of the property to plaintiff. This is not the type of abusive, harassing or fraudulent communications the FDCPA seeks to prohibit. The court finds that the letter and agreement sent to Sumner were in the nature of providing information as opposed to being in the nature of a debt collection demand. The letter and agreement advised plaintiff that an option may be available to restore ownership of his home to him. The letter and agreement do not provide terms of payment or deadlines, do not threaten further collection proceedings, and do not demand payment in any form. The letter and agreement also did not warn that any adverse consequences would result for a failure to agree to rescind the foreclosure sale. Accordingly, the court finds that the letter and agreement are not the types of communications that § 1692c proscribes.

Next, Sumner alleges that defendants' actions in sending the letter and Mutual Agreement to Rescind violated §1692e(10) of the FDCPA. Section 1692e(10) prohibits false or misleading representations in debt collection activities:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing the following conduct is a violation of this section:
>
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

As stated above, the court finds that the correspondence sent to Sumner by defendants was clearly not an attempt to collect on a debt. Moreover, plaintiff has not identified any "false, deceptive, or misleading" representations made to him in defendants' correspondence.

Last, Sumner argues that defendants' letter was necessarily a misrepresentation that plaintiff's counsel authorized defendants to communicate with him directly. This argument is entirely speculative and there are no facts in the amended complaint giving rise to such a claim. The letter does not imply that defendants had the authorization of Sumner's counsel, or that Sumner even believed that his attorney had authorized defendants to communicate with him. Assuming, arguendo, that it did, however, the letter did not contain any misrepresentations and was not deceptive. The state court foreclosure action was concluded in 2008 and the defendants' letter was sent two years

9

later, in 2010. While the better practice would have been to communicate with Sumner's counsel in the foreclosure action, the mere sending of the Mutual Agreement to Rescind along with the accompanying letter does not give rise to the type of deceptive activities prohibited by the FDCPA.

Assuming all well-pleaded facts in the Amended Complaint are true, Sumner does not state a claim upon which relief can be granted. The March 8, 2010 letter and the Mutual Agreement to Rescind are not communications in connection with the collection of a debt. Therefore, defendants did not violate any provision of the FDCPA by sending them to Sumner. Thus, the court finds Sumner's complaint fails to state a claim upon which relief can be granted under the FDCPA.

## Conclusion

Defendant Wilson & Associates' motion to dismiss the Amended Complaint [Doc. 3) is **GRANTED**; and Matthew R. Smith's motion to dismiss the Amended Complaint [Doc. 13] is **GRANTED**; whereby this action is **DISMISSED in its entirety.**

All remaining motions are **DENIED as moot.**

**ENTER:**

s/ Thomas W. Phillips
												United States District Judge